SHEPERD v. CHRUSCIEL

COUNTIES—NEGLIGENCE—CONTRIBUTION—NOTICE.

A third-party action against a county road commission for contribution as a joint tortfeasor is barred by failure to give the statutory notice of claim within 60 days after the injury.

Appeal from Kent, Claude Vander Ploeg, J. Submitted Division 3 February 12, 1969, at Grand Rapids. (Docket No. 5,667.) Decided October 1, 1969.

Complaint by Russell L. Sheperd, administrator of the estate of Lillis E. Wilson, deceased, and administrator *de bonis non* of the estate of Selma Wilson, deceased, and by Ray D. Wilson against Andrew Peter Chrusciel, his employer Allen J. Babcock, Catholic Bishop of the Diocese of Grand Rapids, and the Roman Catholic Diocese of Grand Rapids for damages from an automobile collision; third-party complaint by the defendants against the Newaygo County Road Commission. Accelerated judgment for third-party defendant. Defendants, third-party plaintiffs, appeal. Affirmed.

*Cholette, Perkins & Buchanan (Sherman H. Cone,* of counsel), for defendants-third-party plaintiffs.

*Allaben, Massie, Vander Weyden & Timmer,* for third-party defendant.

---

REFERENCE FOR POINTS IN HEADNOTE
38 Am Jur, Municipal Corporations § 678.

Before: LEVIN, P. J., and HOLBROOK and DANHOF, JJ.

PER CURIAM. The third-party plaintiffs appeal an accelerated judgment dismissing their third-party complaint against the defendant, Newaygo County Road Commission.

The plaintiffs' complaint, filed January 25, 1967, sought to recover for damages caused by an automobile accident that occurred August 3, 1964. On February 14, 1967—less than 1 month after plaintiffs' complaint was filed—the defendants filed a motion seeking leave to file a third-party complaint, which motion was granted March 28, 1967. The accelerated judgment dismissing the third-party complaint against the defendant county road commission was entered May 20, 1968.

The action filed by the plaintiffs against the defendants (third-party plaintiffs) was settled through entry on May 28, 1968 of a consent monetary judgment in favor of the decedents' estates and of an order of dismissal as to the claim of plaintiff Ray D. Wilson.

The statute requires that notice of claim be served on a county road commission within 60 days after injury (MCLA § 224.21 [Stat Ann 1958 Rev § 9-.121]). Neither the plaintiffs nor the third-party plaintiffs gave the county road commission the re quired statutory notice.

In *Morgan* v. *McDermott* (1969), 382 Mich 333, the third-party plaintiffs contended that the 60-day notice provision does not bar an action for contribution by a joint tortfeasor pursuant to MCLA § 600-.2925 (Stat Ann 1962 Rev § 27A.2925). This contention was rejected by the Michigan Supreme Court which held that the failure to give notice to the county within 60 days after injury bars a third-party

complaint against the county even though the action against the third party plaintiff was not commenced until after the expiration of the 60-day period. Accordingly, on the authority of that controlling decision, we affirm the trial court's judgment dismissing the third-party complaint.

Affirmed. Costs to third-party defendant.