## WILSON v. DEPARTMENT OF MENTAL HEALTH

DEATH—WRONGFUL DEATH—CLAIM AGAINST STATE—NOTICE—STAT-
UTE.

Statutory requirement that a claim of notice of intention to file a claim against the State shall be filed in the clerk's office of the court of claims within six months following the event giving rise to the cause of action is applicable to an action for wrongful death (MCLA §§ 600.2922, 600.6431[3]).

Appeal from Court of Claims, William J. Beer, J. Submitted Division 2 October 7, 1969, at Lansing. (Docket No. 6,007.) Decided October 28, 1969.

Complaint by Jean Milkovie Wilson, administratrix of the estate of Theresa Milkovie, deceased, against Department of Mental Health, William H. Anderson, and E. G. Yudashken for wrongful death. Summary judgment for defendant. Plaintiff appeals. Affirmed.

*Hathaway, Ricard, Hathaway & Hathaway,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Russell A. Searl* and *Wallace K. Sagendorph,* Assistant Attorneys General, for defendants.

REFERENCE FOR POINTS IN HEADNOTE
49 Am Jur, States, etc. §§ 97, 103.

Before: QUINN, P. J., and BRONSON and T. M. BURNS, JJ.

PER CURIAM.  Plaintiff's decedent was injured in a fall March 26, 1965 while a patient at Northville State Hospital.  She died April 29, 1965 as a result of these injuries.  April 25, 1968, this action was filed in the court of claims under the wrongful death act, MCLA § 600.2922 (Stat Ann 1969 Cum Supp § 27A.2922).  No claim or notice of intention to file a claim preceded the filing of this action.

Defendants moved for summary judgment, or in the alternative, an accelerated judgment for several reasons.  One reason was that MCLA § 600.6431(3) (Stat Ann 1962 Rev § 27A.6431[3]) requires that a claim or notice of intention to file a claim shall be filed within six months of the event giving rise to the cause of action.  The trial court granted summary judgment for defendants.

Plaintiff's appeal raises a single question:  Is MCLA § 600.6431(3) (Stat Ann 1962 Rev § 27A.6431 [3]) applicable to an action for wrongful death?

On the strength of *Morgan* v. *McDermott* (1969), 382 Mich 333, our answer must be in the affirmative.

Affirmed but without costs.