34 N.J. Super. 301 (1955)
112 A.2d 308
EDITH COOPER AND SAMUEL COOPER, PLAINTIFFS,
v.
PHILADELPHIA DAIRY PRODUCTS CO., INC., A CORPORATION, DEFENDANT AND THIRD-PARTY PLAINTIFF,
v.
BETHMAR REALTY CO., A CORPORATION OF THE STATE OF NEW JERSEY, AND CHARLES W. AND LOUISA HENDERSON, THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided March 1, 1955.
*302 Mr. Daniel DeBrier, attorney for the third-party defendant (Mr. Herbert H. Gorson of counsel).
Messrs. Lloyd and Horn (Mr. Herbert Horn appearing), attorneys for the defendant and third-party plaintiff.
LEONARD, J.C.C. (temporarily assigned).
This is a motion by a third-party defendant to strike a third-party complaint filed against it and for the entry of a summary judgment of dismissal thereon.
The admitted facts are as follows:
The original plaintiffs, Edith and Samuel Cooper (hereinafter referred to as plaintiffs) instituted a suit in the Superior Court, Law Division, against Philadelphia Dairy Products Co., Inc., a corporation (hereinafter referred to as defendant). The plaintiffs allege in said action that the defendant committed certain negligence in respect to a sidewalk and maintained a nuisance thereon which was the proximate cause of injury to the plaintiffs on January 30, 1952. This action was instituted in October 1953. Thereafter, defendant obtained an order dated April 21, 1954 granting it leave to serve upon Bethmar Realty Co., a corporation (hereinafter *303 referred to as the third-party defendant) and Charles W. and Louisa Henderson a summons and third-party complaint. Pursuant thereto said complaint was served upon third-party defendant and in it defendant seeks contribution from third-party defendant on the theory that defendant and third-party defendant were joint tort-feasors.
Thus, it appears that the order granting leave to the defendant to serve a third-party complaint was not entered until more than two years from the original accident and thus said third-party complaint was likewise not served upon third-party defendant until more than two years thereafter.
Third-party defendant, upon being served with said third-party complaint, filed this motion and alleges as the basis thereof that since more than two years had expired, the statute of limitations has run upon the cause of action alleged against third-party defendant and, therefore, said third-party defendant was not a joint tort-feasor with the defendant at the time it was made a party to said suit.
Counsel for third-party defendant argues that the Joint Tortfeasor's Contribution Act must be strictly construed and that expressly provides for contribution only by those persons who were liable to the original plaintiffs at the time that the original defendant paid the judgment rendered against it and in favor of said plaintiffs. Counsel further argues that this contention is so because, by reason of the expiration of the two-year period of the statute of limitations, the original plaintiff could not directly sue the third-party defendant at the time defendant served third-party complaint upon it.
The sole question is whether or not the expiration of this two-year period of the statute of limitations is a bar to the service of said third-party complaint.
Defendant seeks contribution from third-party defendant by authority of the "Joint Tortfeasors Contribution Law." N.J.S.A. 2A:53A-1 to 2A:53A-5.
The reading of said law discloses that there is not set forth therein any limitation upon the period during which one joint tortfeasor must institute his action against the other. In other words, there is no statute of limitation therein.
*304 There have been no cases determined in this State since passage of this law answering the question involved herein. However, it has been answered by decisions in the federal courts and in the courts of our sister states.
The general rule seems to be that where the original defendant alleges facts showing that the additional defendant is liable over to him, joinder is generally held to be proper, and the fact that the statute of limitations will bar the plaintiff from a direct recovery against the additional defendant has no effect on the defendant's right to enforce his claim of contribution or indemnity, since the cause of action owned by the plaintiff is distinct from the cause of action arising out of the duty of the additional defendant to indemnify the defendant. 8 A.L.R.2d 139, § 70. In the case of Adam v. Vacquier, 48 F. Supp. 275 (D.C. Pa. 1942), where the ground of bringing in a third-party defendant was that he was liable over to the original defendant for contribution, it was held that although the right of action of the plaintiff, who was injured in an automobile accident, against the third-party defendant was barred by the statute of limitations of Pennsylvania which required that the action be brought within two years from the time of the injury, the statute did not apply to bar the third-party complaint filed by the original defendant against the third-party defendant, the court taking the view that the statute does not apply to an action over by a defendant to recover from a person who may be liable to him for all or part of the plaintiff's claim. The court said:
"Surely no plaintiff has the right of election of a defendant in an automobile-accident case, where there are, or may be, several parties at fault. The rights and liabilities of the parties are fixed at the moment of the accident. Surely those rights and liabilities may not be altered by a party who merely brings on the record in the first instance only one of the parties who may be liable." (Italics supplied)
The case of Schott v. Colonial Baking Co., 111 F. Supp. 13 (D.C. Ark. 1953), is informative. In it plaintiff filed a complaint against the defendant for personal injury based upon *305 the negligence of the defendant. Over three years later the defendant secured leave by court order to file a third-party complaint and thereafter filed the same upon the third-party defendant. The theory of said complaint was that the third-party defendant was jointly negligent with the defendant and the defendant sought contribution. The third-party defendant moved for a summary judgment of dismissal of said third-party complaint on the ground that more than three years (Arkansas statute of limitations for tort actions) had expired from the date of the original action before defendant moved to file the third-party complaint. The third-party defendant argued therein, as is argued herein, that the plaintiff had no claim which he could then assert against the third-party defendant by reason of said statute of limitations and that since the plaintiff has no claim against the third-party defendant, the defendant had no claim against it for contribution. The third-party defendant further argued therein that the reason therefore was because the Uniform Contribution Among Tortfeasors Act of Arkansas (sections 34-1001 to 34-1009, Arkansas Statutes, 1947 Anno.) contemplated the existence of a right of action by plaintiff against the third-party defendant and contemplated common liability at the time of filing the third-party complaint. The court said:
"Thus, the question now before the Court may be stated again, whether under these facts the third party plaintiff has a right to assert its claim to contribution at the present time between it and the third party defendants even though third party defendants are not now liable to the plaintiff."
The court concluded, after fully discussing the subject matter that
"* * * The cases referred to by the Court herein point unerringly to the conclusion that the common liability need only exist at the time plaintiff's cause of action accrues and need not exist at the time one of the joint tort-feasors seeks contribution. This principal is expressed in the Commissioner's Note to Section 1 of the Uniform Contribution Among Tortfeasors Act where it is said:
*306 `The common obligation contemplated by this Act is the common liability of the tortfeasors to suffer adverse judgment at the instance of the injured person, whether or not the injured person elects to impose it.'
In the instant case the plaintiff, in effect elected not to impose liability upon the third party defendants, and this action or inaction on the plaintiff's part should not destroy the third party plaintiff's right of contribution.
Therefore, the third party defendants' motion for summary judgment of dismissal of the third party complaint should be denied." (Italics supplied)
It should be noted in passing that the definition of the term "joint tortfeasor" in the Arkansas statute is exactly the same as the definition of this term in our New Jersey statute N.J.S.A. (2A:53A-1, first sentence).
Similarly, it was held in Godfrey v. Tidewater Power Co., 223 N.C. 647, 27 S.E.2d 736, 149 A.L.R. 1183 (N.C. 1943), that a defendant in an action for wrongful death arising out of a joint tort may, under a statute providing for a third-party practice in actions arising out of a joint tort, have the other joint tort-feasor brought in and made a party defendant for the purpose of enforcing against him a right of contribution, although at the time he seeks to bring in such new defendant the plaintiff's right of action against the latter is barred by the statute of limitations. The court stated the basis of this decision by saying that although common liability to suit must exist as a condition precedent to the right of contribution, it is not essential that it continue to subsist or be kept alive against all the joint tort-feasors in order that they may enforce the right of contribution, which, under the terms of the statute creating it, accrues only when the plaintiff obtains his judgment in an action arising out of joint tort; and that the right to enforce contribution which arises in favor of each defendant tortfeasor at the time of the institution of the action to recover on the joint tort, though contingent and inchoate, exists and continues up to the time of the recovery of a judgment at which time it matures into a cause of action; and that while it springs from the plaintiff's suit, it projects itself beyond *307 that suit and is not dependent on the plaintiff's continued right to sue all the joint tort-feasors.
In Magee v. City of Uniontown, 88 Pittsb. Leg. J. 585 (Pa. 1940), where the original defendant, a municipality, in an action for personal injuries sustained by the plaintiff from a fall on a sidewalk, more than two years after the happening of the accident sought, by scire facias, to bring in as third-party defendants the persons in front of whose property the accident took place, and the new defendants contended that inasmuch as the plaintiff's right of action against them was barred by the statute of limitations, scire facias to make them defendants in the action was not properly issued, it was held that this contention had no legal foundation, since the writ of scire facias did not allege that the additional defendants were liable to the plaintiff, either alone or jointly with the original defendant, but merely alleged that they were liable over to the original defendant, and therefore did not subject the new defendants to the possibility of a verdict against them in favor of the plaintiff. It was said:
"Its (`scire facias') sole purpose and effect are to determine in the original action, while the evidence is still available, the responsibility of the additional defendants as owners of the abutting property to the city, in the event that it shall be compelled to pay money by reason of a neglect of duty owed primarily by them. The issues thus raised are between the two classes of defendants only, and the plaintiff's action proceeds against the original defendant only, exactly as it would have done if the additional defendants had not been named. * * * The statute of limitations does not commence to run against the city and in favor of the property owners from the date of the accident, but only from the date that the city has paid the judgment recovered against it, or at most, from the date that the judgment has been recovered."
Where a passenger in an automobile injured in a collision commenced an action against the driver of the other car just short of the expiration of the period of limitations and filed her statement of claim after the period had expired, it was held in Werther v. Finn, 58 Pa. Dist. & Co. R. 331 (C.P. Phila. Cty. 1945), that the original defendant might thereafter bring the driver of plaintiff's car in as an additional *308 defendant upon averment of facts indicating a possible joint liability. The court said:
"Additional defendant could be joined on the theory of liability over even after the limitation period has run, though not on the theory of sole liability. The factual situation in this case, as averred by the original defendant, does not indicate liability over, but a possible joint liability. Contribution is enforceable between joint tortfeasors. * * * Argument is made that such conclusion extends the period of the statute of limitations, but the short answer is that the two defendants have their own relationship, are committed by the facts to a separate status. Between themselves they have an issue different from that with plaintiff. Plaintiff's right of action against the additional defendant has expired by the limitation; original defendant's right of contribution from the additional defendant, if both were jointly negligent, has not."
To the same effect, see also Battle v. Laurel Line Taxicab Co., 52 Pa. Dist. & Co. R. 534 (C.P. Lack. Cty. 1943).
While, as I have said, there are no reported decisions on this point in our State, the decisions of our courts construing our act recognize the logic of the above authorities that the common liability must only exist at the time of the original accident and not at the time when the third-party complaint is filed.
In Guerriero v. U-Drive-It Co. of N.J., 22 N.J. Super. 588 (Law Div. 1952), it was held that husband, whose negligence in operation of automobile concurred with that of third party to cause automobile accident injuring wife, was not a "joint tortfeasor" within meaning of the Joint Tortfeasors Contribution Law and could not be brought in under that law as a third-party defendant in injury action by wife against third party for purpose of establishing husband's liability over to third party. The court, at page 595, in discussing section 3 of our act said:
"Note, section 3 uses the terms `joint tortfeasors' and thus it must be used within the definition stated in section 1 above. Note also that it refers to the plaintiff recovering a judgment against one or more, either in one or more separate actions. This must of necessity mean that any person joined as a tortfeasor must be a person against whom the plaintiff could have sued and recovered a judgment in the initial action. If the plaintiff could not have sued the particular *309 person sought to be joined, then that person does not become a joint tortfeasor within the wording of section 3 of the statute." (Italics supplied)
The court, at page 603, further said that:
"That the true test is joint liability and not joint, common or concurrent negligence." (Italics supplied)
In Kennedy v. Camp, 14 N.J. 390 (1954), it was determined that spouses paying amount of judgment against them and another for personal injuries sustained by such other's wife as result of collision between automobile driven by him, with wife as occupant thereof, and plaintiff husband's automobile driven by plaintiff wife, were not entitled to contribution by defendant husband on hypothesis that plaintiffs and defendant were joint tort-feasors within the intendment of Joint Tortfeasors Contribution Law, as there was no common liability of parties in tort because a tort committed by one spouse against other spouse is not remediable by action. Justice Heher, speaking for the Supreme Court on page 398 said:
"The essence of the doctrine is a common obligation to the person injured by the common tortious conduct. Fault alone is not enough; there must be a joint liability to respond to the injured person in damages for the consequences of the default."
In Farren v. New Jersey Turnpike Authority, 31 N.J. Super. 356 (App. Div. 1954), the court held that where employee and employer had elected to have their rights adjudged and fixed pursuant to terms of Workmen's Compensation Act, the employee could not lawfully maintain action in tort against his employer for injury, and hence the employer was not a person "liable in tort" within statute allowing contribution between joint tort-feasors. The essence of the doctrine of contribution is existence of a common monetary obligation to the injured person.
In the above three cases it will be noted that the disability, that is, the marriage in two of the cases and employment in *310 the other, existed at the time of the happening of the original accident. The court in each held that there was no common liability of the parties in tort at that time and thus the parties were not joint tort-feasors under our act.
Now compare the case of Pennsylvania Greyhound Lines, Inc., v. Rosenthal, 14 N.J. 372 (1954). In that case one Goldstein, a woman, suffered personal injuries as a result of a collision of an automobile operated by one Rosenthal, a man, in which automobile she was an occupant, and a motor bus of Pennsylvania Greyhound Lines, Inc. Suit was instituted by her against Rosenthal, Greyhound and the operator of the bus and she recovered a verdict therein against the three defendants. Subsequently, Greyhound and its employee, the operator, paid the judgment to Goldstein. After the passage of our Joint Tortfeasors Contribution Act, Greyhound, as plaintiff, brought this action against Rosenthal for contribution. At the time of the original accident Goldstein and Rosenthal were single persons. They were married approximately six months after the payment of the judgment by Greyhound and approximately two weeks after the institution of this action for contribution. Rosenthal answered the action by asserting that by reason of the marriage to the judgment plaintiff he was not a joint tort-feasor within the intendment of the contribution law and thus is not subject to the action for contribution. Defendant's answer upon motion was stricken and summary judgment for the plaintiff was entered. In affirming the judgment below, Justice Heher stated:
"But it is insisted that `the immunity resulting from the husband-wife relationship between the injured person and one of the tort-feasors prevents a right of recovery by the other tortfeasor.'
The argument is that the statutory right of contribution `is fundamentally a derivative one,' dependent `upon the existence of an original enforceable claim by the injured person against the joint tortfeasor'; that `the immunity between husband and wife' bars `a recovery by a joint tortfeasor against the spouse of the injured person,' and thus the marriage of the judgment plaintiff Goldstein and the defendant Rosenthal `extinguished whatever right of action she may have had against him for the premarital tort,' and so there is no basis for contribution. It is said, in a word, that the wife may *311 not have `indirect enforcement' of a `claim or judgment' not enforceable directly against her husband, for reasons of policy deemed sufficient by the law.
The vice of this reasoning is obvious. The considerations of marital unity and domestic peace and felicity underlying the ancient policy interdicting actions between spouses, Bendler v. Bendler, 3 N.J. 161 (1949), have no place here. The payment of the judgment in tort which gave rise to the cause of action for contribution extinguished the defendant Rosenthal's liability under the judgment to the plaintiff Goldstein and the latter's cause of action in tort which had merged in the judgment; and their subsequent marriage could have no effect whatever on the accrued right of action for contribution under the statute. This is axiomatical truth.
The enforcement of contribution would not trench upon the policy of the rule of Bendler v. Bendler, cited supra. At the time of the satisfaction of the judgment in tort, there existed between the plaintiff and the defendant in this proceeding the common liability in tort which is basic to the statutory right of contribution, as a means of equalizing the common burden. To hold that the marriage of the judgment plaintiff and the judgment defendant Rosenthal, after the satisfaction of the judgment, served to defeat the accrued right of contribution would be to ignore the spirit and outstanding policy of the statute.
The continued subsistence of the common liability is not a sine qua non to enforcement of contribution under the statute. Contribution is not to be confused with subrogation. Subrogation gives to the payor of the common obligation all the rights and remedies of the obligee; contribution is the right, in this case under the statute, to be reimbursed for payments on the joint liability in excess of the payor's just share." (Italics supplied)
Thus, in the last case the court recognized a difference between the situation where there was no common liability at the time of the original accident and a situation where originally there was common liability at that time but later by reason of the conduct of the original injured party, that is marriage to one of the defendants, there was no common liability at the time of the institution of the action for contribution.
It is this distinction that answers all of the arguments of counsel for the third-party defendant.
May I say in passing that counsel for both parties herein agree that by virtue of R.R. 4:14-1 and by authority of Douglas v. Sheridan, 26 N.J. Super. 544 (Law Div. 1953), defendant may join third-party defendant herein on the theory *312 of a joint tort-feasor prior to making actual payment of a judgment rendered against defendant by the person originally injured.
I will, therefore, conclude that under our joint tortfeasors act and pursuant to R.R. 4:14-1 that a defendant who is sued for damages for personal injuries by a plaintiff by reason of the alleged negligence of the defendant may serve a third-party complaint for contribution upon a third-party whom the defendant alleges to be a joint tortfeasor with him, even though more than two years has expired from the date of the original injury to the plaintiff. In other words, the expiration of the period of the two-year statute of limitations is not a bar to the serving of this third-party complaint.
The motion to strike the third-party complaint and for the entry of a summary judgment of dismissal thereon is denied.