541 So.2d 1302 (1989)
WEST AMERICAN INSURANCE COMPANY, As Subrogee of Luann Nixon and Mary Lou Powell, Appellant,
v.
BEST PRODUCTS COMPANY, INC., and Sanyei Corporation (Taiwan) Ltd., Appellees.
No. 87-2674.
District Court of Appeal of Florida, Fourth District.
April 12, 1989.
Rehearing Denied May 11, 1989.
*1303 Sam Daniels of Daniels & Hicks, P.A., Miami, and Ricci & Roberts, P.A., West Palm Beach, for appellant.
J. Terence McManus of Ingalsbe McManus Wiitala & Contole, North Palm Beach, for appellee-Best Products Co., Inc.
Joseph H. Lowe of Marlowe, Shofi, Connell, Valerious, Abrams, Lowe & Adler, Miami, for appellee-Sanyei Corp. (Taiwan) Ltd.
STONE, Judge.
The issue on appeal is whether the appellant-insurance company's right to seek contribution from the defendants, alleged to be joint tortfeasors with West American's insureds, is time barred.
In May, 1985, an injured party recovered a judgment against the insureds, Powell and Nixon. The appellees, Best and Sanyei, were not parties to that suit. That case terminated, following dismissal of an appeal, in March of 1986. The judgment was then satisfied by West American, the insurer of the judgment debtor. However, this action by the insurance company, for contribution against the joint tortfeasors, was not instituted for more than a year after the original judgment became final.
It is undisputed that any contribution claims by the insureds, Powell and Nixon, against Best and Sanyei, would be barred, because no attempt was made to enforce a contribution claim within one year from finality of the judgment, as required by section 768.31(4)(c), Florida Statutes:
If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review.
Neither the judgment debtor nor the insurer, claiming by virtue of subrogation to the rights of its tortfeasor-insureds, has a right of action against a joint tortfeasor for pro rata contribution independent of the right bestowed by section 768.31. Cf. Florida Patient's Compensation Fund v. St. Paul Fire and Marine Insurance Co., 535 So.2d 335 (Fla. 4th DCA 1988).
Subsection (2)(e) of the statute recognizes the right of an insurer, as subrogee of its insured, to seek contribution from joint tortfeasors:
A liability insurer who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's pro rata share of the common liability. This provision does not limit or impair any right of subrogation arising from any other relationship.
The appellant asserts several arguments why an insurer is not included within the one year limitation restrictions of subsection (4)(c). Appellant argues that the limitations period does not commence as to an insurer until payment, notwithstanding that it runs, as to an insured-tortfeasor, from the date of finality of a judgment. Appellant argues that an insurance company is not a "tortfeasor" within the provisions of subsection (4)(c), and that the judgment is against the insured not the insurance *1304 company. Therefore, there is no judgment against it to commence the running of the statute. Additionally, appellant distinguishes the subrogation rights arising where there is a settlement with a third party claimant from those arising upon a payment to an insured.[1]
We reject these arguments because a cause of action by an insurer for contribution from a joint tortfeasor exists only by virtue of the right and remedy created by the statute. Therefore, the insurance company, in pursuing a contribution claim under section 768.31, stands in the shoes of its insured. Florida Patient's Compensation Fund v. St. Paul Fire and Marine Insurance Co., 535 So.2d 335 (Fla. 4th DCA 1988). Also cf. Allstate Insurance Company v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 885 (Fla. 1984).
We are not unmindful of the reasoning in the dissenting opinion that the decision in Employers Fire Insurance Company v. Continental Insurance Co., 326 So.2d 177 (Fla. 1976), sets the course for us to follow. However, we consider that case to be inapposite. It involved a dispute between two insurance companies over payment of a claim for their mutual insured. It did not involve a claim under section 768.31. In Employers, the supreme court did recognize that claims for indemnity and contribution do not arise until the payment of a debt or judgment. However, the claim in this case is purely statutory, and the issue is simply one of legislative intent. We note that the record clearly reflects that the insurer is not seeking damages as the subrogee of the initial plaintiffs. Rather, the insurance company sought to enforce the contribution rights of its insured, which do not exist independent of the statute. This is not an action for equitable subrogation or indemnity. There is no reason to conclude that the legislature intended to confer any greater contribution rights on an insurer than on its insured. Certainly the legislature would normally anticipate that contribution actions against joint tortfeasors will generally be brought by an insurance company following payment. There is also no reason for a legislative policy that would primarily reward insurers for intentional delays, and possible bad faith, by extending the limitations period for the insurance company alone so that they may litigate with their insureds.
We conclude that the trial court did not err by ruling that the one year limitations term of Florida Statute 768.31(4)(c) applies to insurers and by dismissing the complaint accordingly. We also reject appellants' additional argument that the trial court erred by deciding the statute of limitations issue on a motion to dismiss, where the facts constituting the defense appear in the pleadings. See Lago West 84, Inc. v. Homac Barnes, Inc., 486 So.2d 64 (Fla.4th DCA 1986).
WALDEN, J., concurs.
GLICKSTEIN, J., dissents with opinion.
GLICKSTEIN, Judge, dissenting.
This is an appeal from a final order dismissing appellant's action for contribution against appellees, the trial court finding that the suit was barred by the one year statute of limitations contained in section 768.31, Florida Statutes (1985). I would reverse, based upon the legal theories of contribution and equitable subrogation.
Appellant, West American Insurance Company, issued a homeowner's insurance policy to Mary Lou Powell, who lived in West Palm Beach. Ms. Powell allowed her *1305 daughter, Luann Nixon, to live with her. On October 1, 1984, Luann Nixon was babysitting several children in the Powell home when one of the infants fell from a baby walker and was seriously injured.
The parents of the injured child, the Morrises, filed a personal injury action against Mary Lou Powell and Luann Nixon. West American denied coverage for the accident, the suit was not defended and as a result a default was entered against Nixon and Powell. A trial on the damages was held. On May 16, 1985, a verdict in the amount of $11,000,000 was returned and final judgment for the plaintiffs was entered. No appeal was taken from this final judgment.
Thereafter, a motion to vacate the final judgment was filed and denied, as was West American's motion to intervene. Interlocutory appeals were taken to this court to review denial of these motions in Case Nos. 85-2691 and 85-2708. This court dismissed these appeals by order dated February 19, 1986. In addition, West American filed two suits in Palm Beach County Circuit Court to determine its duties to defend and to afford coverage to Nixon and Powell. West American lost in both actions.
On June 24, 1986, West American and the Morris plaintiffs entered into a settlement agreement whereby West American agreed to pay them $7,000,000 in cash and additional periodic payments. In return, West American received releases and the right to seek contribution from the appellees, Sanyei and Best Products. Since the settlement involved a minor child, the settlement required court approval which was obtained. On or about June 24, 1986, West American made payment to the Morrises pursuant to the settlement agreement.
On June 24, 1987, West American filed suit seeking contribution from appellees, Best Products (the retailer) and Sanyei (the distributor and/or manufacturer) of the baby walker. Sanyei filed a motion to dismiss alleging, among other things, that the action was barred by the statute of limitations. On September 23, 1987, the trial court dismissed the case finding that the action was barred by the one year statute of limitations found at section 768.31, Florida Statutes and that the action had to have been brought by March 31, 1987.
West American argues that the trial court erroneously determined that its suit against Best Products and Sanyei was barred by section 768.31(4)(c), Florida Statutes, which provides that:
If there is a judgment for the injury or wrongful death against the tortfeasor seeking contribution, any separate action by him to enforce contribution must be commenced within 1 year after the judgment has become final by lapse of time for appeal or after appellate review.
It claims that this section is not applicable to it because it is not the tortfeasor but rather it is the equitable subrogee of the plaintiffs below. As equitable subrogee of the plaintiffs and pursuant to section 768.31(2)(e), Florida Statutes, West American contends it was entitled to seek contribution from appellees Best Products and Sanyei. Section 768.31(2)(e), Florida Statutes, provides:
A liability insurer who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's pro rata share of the common liability. This provision does not limit or impair any right of subrogation arising from any other relationship.
In support of its position, West American cites to Employers' Fire Insurance Company v. Continental Insurance Company, 326 So.2d 177 (Fla. 1976).
In Employers' the insurer of one of the automobile accident defendants paid the plaintiffs a specified amount in discharge of the judgment obtained by the plaintiffs against the insured. Thereafter, the insurer filed suit against a coinsurer of the defendant seeking contribution, among other things. The Florida Supreme Court *1306 dealt with the question of whether the statute of limitations had run prior to the commencement of the insurer's action against the coinsurer for contribution. In finding that the statute of limitations had not run, the court stated:
[The insurer's] attempt to recover from [the coinsurer] on the legal theories of contribution and indemnification is not barred by the statute of limitations, as these causes of action only arise from the contributor's or indemnitor's payment (or other satisfaction) on the judgment or debt. The date of payment in this case was December 11, 1970, so that the statute would not act as a bar.
326 So.2d at 180 (footnotes omitted). At footnote 5 of the opinion, the Court noted that if the insurer's claims were characterized as subrogation, "where the party invoking it has been required to pay a debt for which another is primarily answerable," the same result would be reached; i.e., the action would not be barred by the statute of limitations as a cause of action for subrogation arises from the subrogee's payment on the judgment.
The facts of the instant case are similar to those in Employers' in that West American paid the plaintiffs in order to discharge the judgment against its insured. It then turned around and filed suit for contribution against the retailer and manufacturer of the baby walker. West American points out that it entered into a settlement agreement and made payment to the plaintiffs on or after June 24, 1986, and pursuant to Employers' its cause of action accrued on that date. Since West American filed its suit for contribution on June 24, 1987, it claims that its suit was timely and that it was improperly dismissed by the trial court. In my opinion, West American's argument is meritorious.
In Coffey, Contribution Among Joint Tortfeasors: A Florida Case Law Survey and Analysis, 35 U. Miami L.Rev. 971, 983, the author says:
[S]hould an injured party delay suing a tortfeasor until the statute of limitations has almost elapsed, that tortfeasor is arguably barred from seeking contribution from any joint tortfeasors once the period of limitation expires on the plaintiff's claim. The third-party defendant could argue that once the plaintiff's claim against him is tolled by the statute of limitations, he is shielded from contribution because he shares no common liability to the plaintiff with the initial defendant. Although most jurisdictions have rejected such an argument, no Florida case has decided whether a time bar will be effective against a contribution claim.[65]
[65] See note 47 supra, and authorities cited therein. In light of the consensus from the other jurisdictions, it appears likely that Florida will also allow a third-party contribution claim after the statute of limitations period expires on the underlying claim. See Kelekut [Keleket] X-Ray Corp. v. United States, 275 F.2d 167 (D.C. Cir. 1960); Adams v. Valequier, 48 F. Supp. 275 (W.D.Pa. 1942); Goldsberry v. Frank Clendaniel, Inc., 49 Del. 69, 109 A.2d 405 (1954); McGlone v. Corbi, 59 N.J. 86, 97, 279 A.2d 812, 817 (1971); Cooper v. Philadelphia Dairy Prod. Co., 34 N.J. Super. 301, 308, 112 A.2d 308, 314 (1955); Wnek v. Boyle, 374 Pa. 27, 30, 96 A.2d 857, 858 (1953); McKay v. Citizens Rapid Trans. Co., 190 Va. 851, 858, 59 S.E.2d 121, 123 (1950). See also Comment, supra note 2, at 712.
In dictum, one Florida court recently concluded that the expiration of a limitations period on the original plaintiff's claim would not bar contribution. Showell Indus., Inc. v. Holmes County, 409 So.2d 78 (Fla. 1st DCA 1982).
As is pointed out by West American, the cases upon which appellee rely involve contractual subrogation situations where payment of an insured's claim in being made by the insured's insurer or one acting on the insured's insurer's behalf. In the instant case, payment was made by West American, not to its own insured, but to the plaintiffs who prevailed in a suit against the insured. It seems evident that in the instant case, the right to subrogation arose not by virtue of an existing agreement between the parties but by operation of law. A discussion of the differences between contractual (also known as "conventional") subrogation and equitable (also *1307 known as "legal") subrogation is found at 12 Fla.Jur.2d Contributions, Indemnity, and Subrogation § 17 (1979), where it is stated that:
In its usual aspect, legal subrogation arises by operation of law where one having a liability, a right, or a fiduciary relation pays a debt owing by another under circumstances in which he is in equity entitled to the security or obligation held by the creditor whom he has paid. Conventional subrogation, on the other hand, is founded on some agreement, express or implied; it occurs where one having no interest in the matter pays the debt of another, and by agreement is entitled to the rights and securities of the creditor so paid.
There existing no contractual agreement between West American and the plaintiffs, which agreement obligated West American to payment of the judgment in the instant case, it may be reasonably concluded that the subrogation involved is legal rather than conventional in nature.
It has been held that when a statute of limitations begins to run is dependent on whether the subrogation right is contractual or equitable in nature. If contractual, the courts have traditionally held that the statute of limitations runs from the date of the injury and if equitable, said statute runs from the date of payment by the subrogee. See Allstate Insurance Company v. Metropolitan Dade County, 436 So.2d 976, 978-79 (Fla. 3d DCA 1983), petition for review denied, 447 So.2d 885 (Fla. 1984).
I find that the running of the statute of limitations commenced several days after June 24, 1986, the date the settlement agreement was allegedly entered into and payment later made pursuant thereto. In my view, the lawsuit having been filed on June 24, 1987, was timely.
NOTES
[1] We note that the settlement with the third party was for over $7,000,000 on an $11,000,000 judgment, although the policy limits were only $100,000. Apparently, this occurred as a result of bad faith claims and separate actions for declaratory relief following appellant's denial of coverage on the initial claim. But we do not consider these factors to be determinative on the issue presented to us. We also note that there is no contention that the insurance company did not have due notice and an opportunity to assert its rights at all times.