JOANOS, Chief Judge.
Appellant appeals a final summary judgment entered in favor of appellee, which bars any further right of appellant to seek contribution against appellee in this cause of action. We affirm.
This action initially arose from medical malpractice claims filed by Kim and Leland Empie, on behalf of their infant son, alleging negligence on the part of appellant, appellee and others. In 1988, the parties and their various insurers began settlement negotiations with the Empies. In a final settlement agreement, approved by the court on March 10, 1989, appellant’s insurer, United States Fidelity and Guaranty Company (USF & G), entered into a settlement agreement with the Empies whereby USF & G agreed to pay to the Empies a total of $2,017,000, in a combination of lump sum and monthly payments, in exchange for a full release by the Empies of all parties to the action. The settlement agreement shows that USF & G discharged in full the liability of all of the alleged tortfeasors in the Empie lawsuit.
Thereafter, pursuant to section 768.-31(2)(e), USF & G sought contribution from appellee, a certified nurse midwife, for her share of the common liability. In September 1989, appellee’s insurer, Home Insurance Company, paid USF & G $750,000, stating specifically that that payment was in full and final settlement of all claims regarding the Empie lawsuit.
In March 1990, appellant filed its own claim for contribution against appellee to recover all or part of a $500,000 payment appellant had made to USF & G. In a second count, appellant also sought contribution from USF & G, alleging that USF & G is liable for any and all damages sustained by appellant “by virtue of the unauthorized settlement” with Home Insurance Company. Appellee moved for final summary judgment on appellant’s claim against her on the ground that the settlement entered into between USF & G and Home Insurance Company barred any further right of appellant to seek contribution against appellee. The trial judge entered summary judgment in favor of appellee, leaving pending appellant’s claim against USF & G. We agree with the trial judge that appellee was justified in relying on her settlement with USF & G to resolve her liability in this matter.
Through affidavits in opposition to the motion for summary judgment, appellant declared that the $500,000 payment made by it to USF & G was paid in satisfaction of appellant’s deductible on its insurance policy with USF & G.[1] Appellant has not alleged that USF & G did not have the authority to enter into the settlement agreement with the Empies on appellant’s behalf.
Contribution among tortfeasors is governed by section 768.31, Florida Statutes, which provides as follows, in pertinent part:
(2)(b) The right of contribution exists only in favor of a tortfeasor who has paid more than his pro rata share of the common liability, and his total recovery is limited to the amount paid by him in excess of his pro rata share. No tortfea-sor is compelled to make contribution beyond his own pro rata share of the entire liability.
(d) A tortfeasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement or in respect to any amount paid in a settlement which is in excess of what was reasonable.
(e) A liability insurer who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer is subrogated to the tortfeasor’s right *493 of contribution to the extent of the amount it has paid in excess of the tort-feasor’s pro rata share of the common liability. This provision does not limit or impair any right of subrogation arising from any other relationship.
From the undisputed facts, appellant has shown only that it paid its own deductible obligation to its insurer and has not shown that it in anyway independently extinguished any portion of the common liability apart from its insurer’s settlement of the Empie lawsuit. Therefore, appellant has failed to raise a legitimate issue as to whether USF & G, in its subrogation to appellant’s right of contribution, pursuant to 768.31(2)(e) did not have full authority to accept the payment from appellee’s insurer in full and final settlement of this case.
As recognized in West American Insurance Company v. Best Products Company, 541 So.2d 1302 (Fla. 4th DCA 1989), in pursuing a contribution claim under section 768.31, an insurance company stands in the shoes of its insured. Appellant has presented no compelling reason why its own interests should be bifurcated from the interests of USF & G for the first time at this stage of the proceedings to the detriment of a third party. Consequently, we can find no fault with the trial court’s entry of summary judgment in this matter. This equitable resolution is consistent with the provisions and intent of section 768.31 and, although not directly on point, with the result reached in F.H. W. and C., Inc. v. American Hospital of Miami, Inc., 575 So.2d 1300 (Fla. 3d DCA) review dismissed, 582 So.2d 622 (Fla.1991). In that case, the court relied upon the equitable considerations set forth in section 768.31(3), which recognizes that principles of equity do apply to contribution generally.
AFFIRMED.
BOOTH and MINER, JJ., concur.

. In Count II of its complaint, appellant asserts that its policy with USF & G carried a 5500,000 deductible.